USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/22/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Rebecca Maria Garcia,

                          **Plaintiff,**

            -against-

Commissioner of Social Security,

                          **Defendant.**

21-cv-01230 (SDA)

OPINION AND ORDER

**STEWART D. AARON, UNITED STATES MAGISTRATE JUDGE:**

Pending before the Court is a motion by Defendant, the Commissioner of Social Security (the "Commissioner") to amend the Judgment, pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, in order to (i) remand only the claim of Plaintiff Rebecca Maria Garcia ("Garcia" or "Plaintiff") for supplemental security income ("SSI") under Title XVI of the Social Security Act (the "Act"), 42 U.S.C. § 1381 *et seq.*, and (ii) affirm the Commissioner's final decision as to Plaintiff's claim for a period of disability ("POD") and disability benefits ("DIB") under Title II of the Act, 42 U.S.C. § 401 *et seq.* (See Comm'r Not. of Mot., ECF No. 34; *see also* Comm'r Mem., ECF No. 35, at 1.) For the reasons set forth below, the Commissioner's motion is GRANTED IN PART and DENIED IN PART.

## BACKGROUND

On or about May 30, 2018, Garcia filed applications for a POD and DIB under Title II and SSI under Title XVI, with an alleged disability onset date of November 1, 2013. (Administrative R.,

ECF No. 13 ("R."), 11, 136-48.) Garcia's date last insured was December 31, 2014.[1] (R. 12, 110.) For purposes of her Title II claim, Plaintiff was required to establish that she was disabled between the alleged onset date of November 1, 2013, and the DLI of December 31, 2014.

In his decision, dated February 12, 2020, using the applicable five-step sequential evaluation process,[2] Administrative Law Judge ("ALJ") Jason Miller found that Garcia was not disabled from her alleged onset date, November 1, 2013, through the date of the decision, February 12, 2020. (R. 23-24.) For purposes of Plaintiff's claim for a POD and DIB under Title II, the ALJ found Garcia had not established the existence of a medically determinable impairment

---

[1] To qualify for DIB, a claimant must be both disabled and insured for benefits. 42 U.S.C. § 423(a)(1)(A) & (C); 20 C.F.R. §§ 404.101, 404.120 & 404.315(a). The last date a person meets these requirements is commonly referred to as the date last insured ("DLI").

[2] The Commissioner's regulations set forth a five-step sequence to be used in evaluating disability claims:

> (i) At the first step, we consider your work activity, if any. If you are doing substantial gainful activity, we will find that you are not disabled.
>
> (ii) At the second step, we consider the medical severity of your impairment(s). If you do not have a severe medically determinable physical or mental impairment that meets the duration requirement . . . [continuous period of 12 months], or a combination of impairments that is severe and meets the duration requirement, we will find that you are not disabled.
>
> (iii) At the third step, we also consider the medical severity of your impairment(s). If you have an impairment(s) that meets or equals one of our listings in appendix 1 [(the "Listings")] . . . and meets the duration requirement, we will find that you are disabled.
>
> (iv) At the fourth step, we consider our assessment of your residual functional capacity and your past relevant work. If you can still do your past relevant work, we will find that you are not disabled.
>
> (v) At the fifth and last step, we consider our assessment of your residual functional capacity and your age, education, and work experience to see if you can make an adjustment to other work. If you can make an adjustment to other work, we will find that you are not disabled. If you cannot make an adjustment to other work, we will find that you are disabled.

20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4) (internal citations omitted).

prior to her date last insured of December 31, 2014. (R. 14.) By contrast, for purposes of the SSI claim, the ALJ concluded that Garcia was not disabled at step four of the sequential evaluation because her RFC allowed her to perform her past relevant work. (R. 23.)

On December 15, 2020, the Appeals Council denied Garcia's request for review of the decision, making ALJ Miller's decision the Commissioner's final decision. (R. 1-5.) This action followed.

In its Opinion and Order, dated September 14, 2022, which remanded this case for further proceedings before the Social Security Administration with respect to Garcia's SSI claim, the Court expressly noted as follows:

> The record does not contain medical evidence from prior to Garcia's DLI of December 31, 2014. Accordingly, the ALJ found that Garcia was not disabled for purposes of her DIB claim. (R. 14.) Plaintiff does not challenge this finding.

(9/14/22 Op. & Order, ECF No. 32, at 3 n.5.) On September 14, 2022, judgment was entered stating that "the Court has remanded this case for further proceedings before the SSA." (Judgment, ECF No. 33.)

On October 7, 2022, the Commissioner filed the motion to alter judgment that is now before the Court. (*See* Comm'r Not. of Mot.) On October 28, 2022, Garcia filed an opposition memorandum. (*See* Opp. Mem., ECF No. 37.) On November 18, 2022, the Commissioner filed a reply memorandum. (*See* Reply, ECF No. 41.)

## **LEGAL STANDARDS**

Federal Rule of Civil Procedure 59(e) allows a district court "to alter or amend a judgment." Fed. R. Civ. P. 59(e). This rule "enables a party to request that a district court reconsider a just-issued judgment." *Banister v. Davis*, 140 S. Ct. 1698, 1703 (2020). The Second Circuit has

SSI claim. The Clerk of Court is respectfully directed to enter an amended judgment consistent with this clarification.

**SO ORDERED.**

Dated:     New York, New York
              November 22, 2022

_____
STEWART D. AARON
United States Magistrate Judge